JOHN TURBITT, Plaintiff in Error. *v.* MARGARET TURBITT, Defendant in Error.

ERROR TO TAZEWELL.

Austerity of temper, sallies of passion, or abusive language, do not constitute such extreme and repeated cruelty within the statute, as to authorize a decree of divorce.

THIS was a writ of error from a decree of the Circuit Court of Tazewell county, granting a divorce of the parties. There was a trial by jury, before HARRIOTT, Judge, at April term, 1858, of the Tazewell Circuit Court.

Margaret Turbitt filed her bill, alleging marriage in 1855, and that her husband, John Turbitt, was guilty of extreme and repeated cruelty to her, by not providing her with a sufficient maintenance suitable to their condition, he being worth from thirty to fifty thousand dollars. That he left her for days and weeks together, without sufficient food or the means of procuring it. That she was delivered of a child; that three days before its birth, he left her and was absent ten days, leaving her wholly unprovided with medical attendance or other help, dependent on the charity of her neighbors. That he has used actual force and violence towards her, without any reasonable excuse (no circumstances being stated). That the parsimoniousness and neglect, etc., had rendered her miserable, etc. The answer of John Turbitt denied the charges in the complaint, and on his part made divers complaints of the conduct of Margaret, etc. The testimony being quite voluminous, is not set out.

H. GROVE, for Plaintiff in Error.

R. S. BLACKWELL, and A. L. DAVISON, for Defendant in Error.

WALKER, J. It has been repeatedly held by this court, that austerity of temper, sallies of passion, or the use of abusive language, do not constitute extreme and repeated cruelty within our statute. This is regarded as the settled law, not only in this State, but it is believed to be in the various States of the Union, and in Great Britain, where cruelty is the ground relied upon.

The facts of this case only show the use of improper language by plaintiff in error to complainant, that he was absent at the time of her confinement, and he may not have provided articles for the use of his table as abundantly as his means would

have justified. But the evidence shows, that he had credit with grocers and traders, who furnished such articles, and no restriction was placed upon her right to procure them at her pleasure. And it was no great hardship for her to purchase them in his absence, as she resided in the city where they could be procured of those merchants.

The evidence shows that on one occasion, plaintiff in error threatened to throw complainant down the stairs, but what the circumstances were, which led to it, are not shown. It may have been provoked by her, and whether so or not, she did not seem to apprehend personal violence, and we do not see that there is any danger, or that she is menaced to such a degree that it renders cohabitation unsafe.

By the repeated decisions of this court, the eighth section of the act does not authorize a divorce on the facts proved in this case. We are unable to perceive any grounds for granting a divorce in the case, and the decree of the court below must be reversed, and the cause remanded.

*Decree reversed.*