SYLVANUS BODFISH *vs.* ASENETH C. BODFISH.

The widow of a testator continued, with the consent of his children, to occupy his homestead after his death, without assignment of her dower, and without being entitled to dower, in event of the allowance of an instrument offered for probate as his will, unless she should waive its provisions. Among those provisions was a devise of the homestead to the children, subject to her improvement during her life. *Held*, that during such occupation of the homestead she might lawfully use a right of way appertaining to it.

Continuous adverse use of a way across another's land for twenty years may be established without direct evidence of its actual use during each year.

TORT for breaking and entering the plaintiff's close in Barnstable. Writ dated July 24, 1869. The defendant justified under a claim of a right of way across the close, gained by adverse use, and appurtenant to land which she was occupying at the time of the alleged trespass. At the trial in the superior court, before *Putnam*, J., these facts appeared :

Before 1829 John Bodfish and Isaac Bodfish owned a tract of land in common, of which the plaintiff's lot was a part; and in that year they made partition, setting off this lot to Isaac, who was the plaintiff's father, and from whom the plaintiff took his

title. The rest of the tract was set off to John, who conveyed it to Joseph Bodfish, who was the defendant's husband and died in 1869, before this action, devising it to his children subject to her improvement during her life. From the decree of the probate court admitting to probate as his will the instrument containing this devise an appeal was taken, and was still pending. The defendant, since her husband's death, continued to reside on the lot thus devised, it " being a part of the homestead estate," and had " the full and exclusive use thereof, with the free consent of all the heirs." No dower had been assigned to her, nor was she entitled to dower without a waiver of the provisions of the will, in event of its final allowance.

The plaintiff contended that these facts afforded no defence, even if the alleged right of way actually existed; but the judge ruled otherwise.

" The evidence as to the extent and degree of the alleged use of this way was conflicting; but the defendant's evidence tended to show that since 1829, and down to the time of the death of Joseph Bodfish in 1869, John and Joseph Bodfish had used this way, by themselves and servants, at various times; and the defendant herself testified that she had seen wood cut on the defendant's lot every year since 1830, and carted over the way, upon the plaintiff's land, to the highway, but on cross-examination she said there might be one or two years when she had not seen any wood cut and carted.

" No exceptions were taken to the instructions of the judge as to what it was necessary to prove to establish a right of way, except as follows: On the point of what would constitute a continuous use of the way, the plaintiff asked for an instruction to the jury, that the defendant could not entitle herself to the privilege claimed, unless she could prove a continual enjoyment of it for twenty consecutive years, without interruption, and that, to make it uninterrupted, the defendant must offer evidence of its use each and every year during a period of twenty years. The judge declined to give the instruction as asked, but did instruct the jury that the defendant must show a continuous enjoyment of the way for twenty consecutive years without interruption, dur-

ing the period testified to, but that it would be sufficient if they found such repeated acts of use, of such a character and at such intervals, as afforded a sufficient indication to the plaintiff that the right of way was claimed against him, and were further satisfied, from all the evidence, that the way had been used in each year of twenty consecutive years, between the division in 1829 and the death of Joseph Bodfish in 1869, though the defendant had not given evidence of the actual use of the way in each year of the twenty years."

The jury found for the defendant, and the plaintiff alleged exceptions.

*J. M. Day*, for the plaintiff.

*G. Marston*, (*J. Higgins* with him,) for the defendant.

AMES, J. 1. The defendant, at the time of the alleged trespass, was occupying the homestead estate with its appurtenances, both by the consent of the heirs at law of her deceased husband, (who were the only parties entitled to object,) and also in her right as his widow, under the provisions of Gen. Sts. *c.* 90, § 7. *Almy* v. *Crapo*, 100 Mass. 218.

2. The question submitted to the jury was, as to the existence of the right of way appurtenant to the homestead, under which she justified the alleged trespass. Her claim was, that the owners of the homestead had acquired that right by adverse user; and the only controversy as to the instructions of the presiding judge was as to the continuity of user necessary to establish the right. It is certain that "continuous use" does not necessarily mean "constant use." A right of way means a right to pass over another's land more or less frequently according to the nature of the use to be made of the easement; and how frequently is immaterial, provided it occurred as often as the claimant had occasion or chose to pass. It must appear not to have been interrupted by the owner of the land across which the right is exercised, nor voluntarily abandoned by the claimant. Mere intermission is not interruption. The continuity of the enjoyment may be shown by circumstantial evidence; and, in the language of the presiding judge, it is sufficient if the jury find such repeated acts of use, of such a character and at such intervals, as afforded a sufficient

indication to the owner of the land that the right of way was claimed against him, and if they find that the way had been used in each of the twenty consecutive years, they would be justified in finding the continuous enjoyment, even though the defendant had not given evidence of actual use in each year of the twenty. This is merely another mode of saying that the circumstances may be such as to satisfy the jury that the use was continuous, even though direct evidence of actual use as to one or two years in the series may be wanting. *Carr* v. *Foster*, 3 Q. B. 581. Washburn on Easements, 100. *Exceptions overruled.*