## The Township of Madison

### *v.*

## Jesse Gallagher.

*Filed at Mt. Vernon November 22, 1895.*

1. Highways—*what will establish a highway by prescription.*   To establish a road as a public highway by prescription there must have been a use by the public for twenty years, adverse, under claim of right, continuous, uninterrupted, and with the knowledge and acquiescence of the owner or owners of the land in or over which the easement is claimed.

2. Same—*prescriptive highway must be definite and certain.*   The prescriptive right to a highway must be confined to a specific, definite and certain line or way, which line may be precisely defined by fences on its sides.

3. Same—*original intention of adjoining owners may not control.*   The intention of the adjoining owners that a road should be private, shown by their acts, declarations and agreements at the time of laying it out, cannot defeat a prescriptive right of the public, obtained by use of the highway for the statutory period.

4. Same—*test is not how many people use the road.*   The test whether a road is public or private is not simply how many persons actually use it, but how many have a free right in common to use it.

5. Same—*working of road not essential to right by prescription.*   Recognition and working of an unrecorded road by the public authorities are not essential to its establishment as a public highway by prescription.

6. Same—*interruption of user, to be available, must have been by the land owner.*   An interruption to break the continuity of the public use of

a road creating a highway by prescription, must be the act of the owner of the land across which the right of way is exercised, and not that of a mere trespasser.

7. SAME—*what interruptions will not destroy effect of previous user.* Slight or occasional interruptions of the use of land crossed by a road, on the part of the owner, in which those claiming the road do not acquiesce so as to raise a fair presumption of abandonment, are not effective to destroy the effect of the previous user.

8. SAME—*interruption of user must be within the period of prescription.* Interruption to prevent public use of a road from constituting a highway by prescription must be within the statutory period, and be of the right, and not simply of the use or possession.

9. TRIAL—*working road is not the best evidence of prescriptive right.* An instruction that the *best evidence* that a road is a public highway is that the same has been recognized by the authorities and worked the same as other roads of the district, is erroneous, as the statute makes user alone sufficient.

10. EVIDENCE—*prosecution for obstructing road—order to remove obstruction need not be shown.* In a proceeding under the Road law, to recover the penalty imposed for obstructing a public road, it is not essential to prove an order to remove such obstruction.

APPEAL from the Circuit Court of Richland county; the Hon. SILAS Z. LANDES, Judge, presiding.

H. G. MORRIS, and MCCAULEY & ROWLAND, for appellant.

JAMES C. ALLEN, and ROBERT B. WITCHER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a prosecution against the appellee, Jesse Gallagher, before a justice of the peace of Madison township in Richland county, on a complaint filed on July 3, 1893, by Amos Snively and Jesse Matthews, charging the said Gallagher with obstructing a public road, and to recover the penalty. The proceeding was instituted under sections 71 and 74 of the act in regard to roads and bridges as found in chapter 121 of the Revised Statutes. (2 Starr & Cur. Stat. pp. 2157, 2159). The case was tried before the justice of the peace and a jury, and, upon appeal to

the circuit court, before that court and a jury.   The defendant was found not guilty.   The present appeal is prosecuted from the judgment of the circuit court upon the verdict of not guilty.

The question in the case is, whether the road obstructed was a public highway or not at the time of its obstruction.   It is admitted, that the appellee erected a fence in the middle of the road about the first of March, 1893, and this is the obstruction complained of.

The road in question is in section 2 in said township. It commences at a point, in a public road running east and west, midway between the east half and west half of the south-west quarter of said section, and from said point runs north a half mile, and thence east a half mile to a public road running north and south.   The part of the road, which runs north and south, lies between the farm of appellee on the east and the farm of Jesse Matthews on the west, and the part of the road, which runs east and west, lies between the farms of A. B. Snively and S. Snively on the north and the farms of appellee and George Wagner on the south.   Appellee's farm of eighty acres, which lies to the east and to the south of the road in question, formerly belonged to the heirs of one Roush, and had been owned by appellee not longer than three years when he erected the fence in the road, and thereby obstructed it.

Plaintiff below did not claim, that the road had been laid out in pursuance of law, or in accordance with any statutory provision, or that it had been established by dedication.   The sole claim of appellant is, that the public acquired title to the road as a public highway by prescription.

The general rule is, that, to establish a road as a public highway by prescription, there must have been the use of it by the public for twenty years, and such use must have been adverse, under claim of right, continuous, uninterrupted, and with the knowledge and acquiescence

of the owner or owners of the land in or over which the easement is claimed. (2 Greenleaf on Evidence, secs. 539, 539a; *Daniels* v. *People*, 21 Ill. 438; *Manrose* v. *Parker*, 90 id. 581; *City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 id. 561). The prescriptive right must be confined to a specific or definite, certain and precise line or way. The location and limits of the way or track may be precisely defined by fences on the sides of it. (*Gentleman* v. *Soule*, 32 Ill. 271; *Toof* v. *City of Decatur*, 19 Ill. App. 204; Elliott on Roads and Streets, p. 137).

We do not deem it necessary to enter into an extended discussion of the evidence, but it shows, that, from 1866 and thereafter for more than twenty years, the road was used and traveled by the public without interference by the abutting owners; that, during this period of more than twenty years, the right of the public to use the road at all times and for any purpose was not called in question; that the owners of the land on each side of the road had knowledge of such use of it by the public, and acquiesced in such use for the period above named; that the road was fenced on both sides during this period, and that the line of travel was unchanged and well defined. There is a preponderance of evidence in favor of a prescriptive right, acquired by public user for more than twenty years, unless a defense has been made out and can be maintained upon one of the grounds hereinafter mentioned.

The defendant below, appellee here, sought to show *first*, that the road was originally laid out by the adjoining property owners as a private way, and that it was the intention of such property owners to use the road for their own convenience; and, *second*, that the use of the road during the statutory period was not uninterrupted, but that the road was obstructed within that period.

It is immaterial, under the statute of this State in regard to the use of roads as highways by the public, whether the owners of the adjoining property intended

this road to be a private road or not, and it could make no difference what they said or did or agreed upon at the time when the road was originally fenced in 1866.   In order to determine whether a road is a public highway or not by prescription, the question is whether it has been used by the public as a highway for the period named. in the statute.

Section 1 of the "Act in regard to roads and bridges. in counties under township organization," etc., approved June 23, 1883, provided "that all roads in this State which have been laid out in pursuance of any law of this State, or of the Territory of Illinois, or which have been established by dedication or used by the public as a highway for twenty years, and which have not been vacated in pursuance of law, are hereby declared to be public highways."   (2 Starr & Cur. Stat. p. 2134; 3 id. p. 1112 ; Rev. Stat. of 1874, p. 913).   Said section 1 was amended in 1887 by substituting fifteen years for twenty years.   (3 Starr & Cur. Stat. p. 1085).

It is not contended, that the road in question has been vacated in pursuance of law.   The proof upon the trial below on behalf of appellant was directed to the question of the public use of the road for the statutory period. Any road in this State, which has been "used by the public as a highway for twenty years," (or, as the law now is, "for fifteen years"), is declared by the statute to be a public highway.   Under the circumstances of this case, the road in question here can only be held to be a public highway if it has been used as such for the statutory period.   It is such use, which makes it a public highway, if it is a public highway; and the fact of such use is not affected in any way by the original intentions of the adjoining owners, or by their consent or opposition when the road first began to be used as such.

In Indiana there was a statute which provided, that "all public highways which have been or may hereafter be used as such for twenty years or more shall be deemed

public highways;" and, in *Strong, Trustee,* v. *Makeever,* 102 Ind. 578, the Supreme Court of that State, having this statute under consideration, said: "It is made very plain by the evidence that the road, as opened in 1857, had been used with the knowledge of appellees as a public highway for more than twenty-five years before the proceeding was commenced. By the explicit and positive terms of the statute, that use made the road a public highway. Under this statute, it is the twenty years' use that makes the road a public highway, and it is immaterial whether the use is with the consent or over the objections of the adjoining land owners. Such is clearly the correct construction of the statute." This language is applicable to the case at bar. Hence, the testimony of the witness, Shields, to the effect that he and other adjoining owners, all of whom except himself were dead at the time when he testified, had met together in 1866 and orally agreed to open the road as a private or neighborhood road, should not have been admitted by the trial court. This evidence was calculated to make the jury believe that the road was exclusively a private one, whereas it was used by the public at large and was not confined to the use of the adjoining owners.

The test, whether a road is public or private, is not simply how many persons actually use it, but how many have "a free and unrestricted right in common to use" it. "The name given the way does not determine its character, for if a road be called a private road, or a neighborhood road, but is, in fact, so laid out and maintained as to give the public a right to freely use it, upon terms common to all, the road, notwithstanding its name, is a public one." (Elliott on Roads and Streets, p. 147).

Where it is sought to show that a road is a public highway by proving that it has been known and used as a highway common to all the people for the statutory period of prescription, it is unnecessary to show the original intention of the owners of the soil. (*Strong, Trustee,*

v. *Makeever*, 102 Ind. 591).   Such intention is only material
where the object is to establish a public highway by ded-
ication.   (*Kyle* v. *Town of Logan*, 87 Ill. 64; *Kelly* v. *City of
Chicago*, 48 id. 388; *Gentleman* v. *Soule*, 32 id. 271).

The court below gave the following instruction on be-
half of appellee : "The best evidence, that a road is a
public highway, is that the same has been recognized by
the authorities and worked the same as on other roads of
the road district, but it is not essential to the establish-
ment of a public road by prescription."   This instruction
correctly states, that recognition and working of the
road by the public authorities is not essential to its estab-
lishment as a public highway by prescription.   Under a
statute, providing that an unrecorded road, which has
been used as a public highway for a prescribed number of
years, shall be deemed a public highway, it is unnecessary
to show, in addition to such user, that the proper authori-
ties have worked the road, or repaired it, or attached
it to some road district, or done some act recognizing
it as a highway.   Under such a statute the continued
and uninterrupted use of lands as a highway for the
statutory period, must, in the absence of proof to the
contrary, be presumed to have been under claim of right,
and creates a prescriptive right in favor of the public
without proof of such acts of recognition on the part of
the authorities. (*Shugart* v. *Halliday*, 2 Bradw. 45; *Hanson*
v. *Taylor* 23 Wis. 547; *Hart* v. *Town of Red Cedar*, 63 id. 634).
But we think that the instruction was erroneous in stat-
ing that recognition and working of the road by the
authorities, as is done in case of other roads in the road
district, were the best evidence that the road was a pub-
lic highway.   Where the statute expressly says, that use
of the road as a highway by the public for a certain num-
ber of years makes it a public highway, we cannot see
why such use is not evidence of as high a character as
are acts of recognition by the town authorities.   Where
the public pass more or less frequently for the statutory

period over a highway as often as they have occasion to pass in that direction, and where the amount of travel, considered with reference to the surrounding circumstances, shows that the public exercise the right of using the land as and for a highway, such user authorizes the presumption of a grant, or the presumption that the road was laid out by competent authority. (*Hart* v. *Town of Red Cedar, supra;* Elliott on Roads and Streets, p. 134). What is here said is in no way intended to modify the opinion in *Town of Brushy Mound* v. *McClintock,* 150 Ill. 129, as that case is clearly distinguishable from this.

That the instruction in question was calculated to mislead the jury is apparent from the fact that a witness, who had been a highway commissioner for only two years previous to the date of his testimony, was permitted to state that he had never heard of any work being done on the road by his predecessors in office. This evidence, taken in connection with the instruction, led the jury to infer that the best evidence of the existence of the road as a public highway was wanting.

As to the interruption of the user during the running of the statute, we do not think that the testimony upon that subject, or the instructions based upon such testimony, fully meet the requirements of the law. An interruption cannot be regarded as so far breaking the continuity and enjoyment of an easement as to destroy altogether the effect of the previous user, unless it possesses certain well defined characteristics such as are hereinafter specified.

The interruption must be the act of the owner of the land or lands across which the right of way is exercised. (Washburn on Easements and Servitudes, marg. pp. 101, 102; Elliott on Roads and Streets, p. 137; *Bodfish* v. *Bodfish,* 105 Mass. 317; *Webster* v. *Lowell,* 142 id. 324; *Shellhouse* v. *State,* 110 Ind. 509). An obstruction, which will have the effect of destroying the prescriptive right, is not an obstruction that is placed in the highway by a trespasser

or outside party, but one that is placed there by the owner of the land; and it must be of such a kind as to evince an intention on the part of the owner to exclude the public from the use of the highway. In the case at bar, the testimony of appellee fails to show, that such interruptions or obstructions, as are referred to, were the acts of the owners of the land; the witnesses being unable to state who placed in the highway such temporary and occasional obstructions as were noticed by them. Nor do the instructions, given by the trial court for the defendant below, confine the attention of the jury to interruptions by the owners of the land, as contradistinguished from interruptions which may have been caused by mere trespassers.

It is not every slight or occasional use of the land even by the owner, that will constitute an interruption of the public use. Mere intermission is not interruption. (Elliott on Roads and Streets, p. 137; *Bodfish* v. *Bodfish, supra*). It must appear, that the claimant of the right of way has acquiesced in the interruption in such a manner, as to make the subsequent use merely permissive. (*Webster* v. *Lowell, supra*). The act of an individual in obstructing a highway cannot divest the public of its rights therein, unless the obstruction is submitted to for such a period of time as to raise a fair presumption of abandonment. Where an abandonment is relied upon, it must be clearly proven, and it must be shown that the use of the highway has ceased for a sufficient length of time to indicate an intention to abandon. (*Power* v. *Watkins*, 58 Ill. 380; *Town of Lewiston* v. *Proctor*, 27 Ill. 414). A mere temporary suspension of the enjoyment of the use, which is not voluntary, but the result of accident or of causes which the party claiming the right cannot control, does not indicate an intention to abandon the right to the easement. (Washburn on Easements and Servitudes, marg. page 101). In the case at bar, whatever was shown in the nature of interruption or obstruction was slight

and occasional. If there was any non-user at any time of the road by the public, it was only transient or partial. If any obstruction was at any time placed in the highway, it was removed in a very short time; in one instance, on the very next day. We are unable to discover anything in the evidence to justify the conclusion that there was an abandonment of the road as a highway by the public.

"The claim of a prescriptive right may be defeated by evidence showing that it has been interrupted within the legal period; but this must be an interruption of the right, and not simply an interruption of the use or possession." (2 Greenleaf on Evidence, sec. 545; *Shellhouse* v. *State, supra*; *Jones* v. *Davis*, 35 Wis. 376). Here, the alleged acts of interruption are not clearly shown to have been within the legal period and before the prescriptive right had matured by public user for the statutory period, nor to have been of the right and not simply of the use or possession. (*Toof* v. *City of Decatur, supra*).

Section 71 of the Road law provides that if any person shall obstruct a public road by placing any obstruction thereon, or encroaching upon the same with a fence, he shall forfeit a sum not less than $3.00 nor more than $10.00. This proceeding is instituted to recover such penalty alone. The section further provides for a forfeiture of an additional sum per day for every day a person placing any obstruction on the highway shall suffer it to remain after he has been ordered to remove it by any of the commissioners. It is only when it is sought to recover such additional sum, that the order to remove must be proven. As the object here is not to recover such additional sum, it was unnecessary to show that there was an order to remove the obstruction.

The judgment of the circuit court is reversed, and the cause is remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*