## THE TOWN OF WHEATFIELD

### *v.*

## J. R. GRUNDMANN.

*Filed at Mt. Vernon November 11, 1896.*

1. DEDICATION—*of land for public highway—what must be shown.* To establish a common law dedication of land for a highway it must be proved, clearly and unequivocally, that there was an intention to dedicate and an acceptance by the public.

2. HIGHWAYS—*when instructions as to dedication are erroneous.* Instructions that the existence of a highway depends entirely upon the fact of dedication by the original owner are erroneous, where there is evidence tending to show dedication by subsequent owners.

APPEAL from the Circuit Court of Clinton county; the Hon. A. S. WILDERMAN, Judge, presiding.

VAN HOOREBEKE & FORD, for appellant.

R. C. LAMBE, and J. J. McGAFFIGAN, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action originally brought before a justice of the peace by the town of Wheatfield, against J. R. Grundmann, to recover the penalty provided by section 71 of chapter 121 of the act entitled "Roads and Bridges," for obstructing a public road. A fine of ten dollars was imposed by the justice of the peace, and the defendant appealed to the circuit court, where a trial was had before a jury, resulting in a verdict and judgment in favor of the defendant, to reverse which the plaintiff, the town of Wheatfield, has appealed.

The road in question runs about two miles east and west, crossing what was known as "Hull's Mound." The following plat shows the location of the road, the defendant's land on each side, and the school house and residences on the line of the road as it has been traveled and used as a public highway for many years:

ROAD

House

120

House
John Leder
80

Joseph Barth Estate

T. Klutho
40

Theo Klutho
House
40

Theo Klutho
House
40

240

CONTESTED

Grundmann
40

House

Grundmann
40

House

ROAD

ROAD

B. L. Hull
House

ROAD

House
40

118
B. L. Hull

School

House
20

100

H. Burger
40
House

A. Schubert
House
80

House
G. Debattin
80

F. Schubert
40

40

40

40

ROAD

William Hull first settled on the farm now occupied by the defendant, Grundmann, and while he was occupying the land, some forty-seven years ago, the people commenced traveling on the line of road now in dispute.

The road was traveled by the public from the west going east to Wisetown, and from the east going west to Jamestown. As appears from the evidence, Jamestown was the business point for the neighborhood. It contained a mill, blacksmith shop, general store, post-office, etc., and the road in question was the route used by the people of the neighborhood in going to and from that place to transact their business. Hull gave the land, and a school house was erected on the line of the road, and as the lands in the neighborhood were settled upon and improved, dwelling houses were erected on the line of the road. From the time the public first commenced using the road down to the time the obstruction was placed upon it by the defendant, the road ran substantially in a straight direction. Hull erected and kept up fences on each side of the road, and saw other owners of land along the line of road erecting fences on each side and setting apart the road to public use. From the acts and conduct of Hull it is apparent that he recognized the road as a public highway. It is true that he placed gates at each end of the road where it ran through his land, but this was not done to interfere with the travel on the road by the public, but for his own convenience.

It was claimed on the trial by the plaintiff that the road was a public highway, both by dedication and by prescription. In order to establish a dedication at common law it must appear that there was an intention on the part of the owner of the land to donate it to public use, and an acceptance by the public must be established, and the proof of these facts must be clear and unequivocal. (*City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 Ill. 561; *Fisk* v. *Town of Havana*, 88 id. 208.) In order to establish a road as a public highway by prescription it must appear that the public has had the adverse use or possession under claim of right, continuous and uninterrupted, for twenty years, with the knowledge and acquiescence of the owner of the land over which the

easement is claimed. (*Township of Madison* v. *Gallagher*, 159 Ill. 105.) Evidence was introduced tending to prove the existence of a highway by dedication and also by prescription, and it was important that the law bearing on these questions should be accurately given to the jury.

The court, on its own motion, gave to the jury thirteen instructions, two of which (Nos. 4 and 5) are claimed to be erroneous. No. 4 was as follows:

"I will say to you in this connection that there is no evidence before you that the road in controversy in this case was ever laid out by the public authorities of this State or by the Territory of Illinois, and that if this road exists as a public road, its existence must be established by a dedication to public use by William Hull, the then owner of the lands through which its course lies, or by user by the public as a public road, and that as to this road such user must have been for twenty years."

In No. 5 the court stated to the jury as follows:

"As to whether there has been a dedication, I will say that it must appear, from the evidence, that William Hull, the owner of the lands through which it is claimed the road in question runs, did some act or made declarations indicating an intention to dedicate the strip of land over which it ran to the public for a public road, and did dedicate it, and it must also appear that the public in some way accepted this dedication."

It appears from the record that William Hull died in the winter of 1856, and after his death, in 1866 or 1867, the land now owned by the defendant fell into the hands of Martin Hull. He resided upon it for a number of years and then sold it to his brother, who occupied the land until a few years ago, when he sold it to the defendant. Martin Hull testified that after he acquired the land he recognized the road as a public highway. While he resided on the land, in 1867, one of the gates which had been erected by his father was taken from the hinges and he never tried to put up the gates again. On the

trial he testified: "I regarded it, yes, sir, as a public road. Never tried to keep it closed in day time at all. After gates were knocked down or taken off hinges I never tried to put them up any more. I say this road could not be shut, because there were five or six dwelling houses, besides the school house, on this road. I now live a quarter of a mile north of the school house. I only own twenty acres now." He also testified that the road was worked and kept in repair.

In establishing a road by dedication the plaintiff was not confined to proof that the original owner, William Hull, had dedicated the land used as a road to the public. For a period of eighteen or twenty years the land over which the road passes was owned by Martin Hull and his brother, and there was much evidence tending to prove a dedication by them, and the plaintiff was entitled to rely on this evidence to establish a public highway by dedication. If William Hull did not dedicate the land in question for a public highway while he owned the farm, but after the farm fell into the hands of his two sons they made the dedication, the plaintiff was entitled to prove and rely upon that fact. But the two instructions complained of confined the dedication entirely to William Hull. In this regard they were, in our opinion, erroneous.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*