ROAD DISTRICT No. 1, Appellee, *vs.* SILAS E. BEEBE,
Appellant.

*Opinion filed December 17, 1907.*

1. HIGHWAYS—*attitude of highway authorities does not affect question of user.* It is user by the public which creates a highway by prescription, and the question whether the highway authorities did or did not, at any particular time, regard the road as a public highway is of no consequence.

2. SAME—*opinion of highway commissioners as to existence of highway is immaterial.* In a prosecution for obstructing a public highway, if the prosecution relies upon proof of a highway by user or dedication, the defendant may show by former road supervisors and commissioners that they never did any of the acts which might be regarded as an acceptance of the dedication; but the opinion of such officers as to whether the road was a public highway is immaterial and is not admissible.

3. INSTRUCTIONS—*when an instruction as to highway by user is not misleading.* An instruction intended to advise the jury of the meaning of "claim of right," which contains the statement that twenty years' user by the public, of a road as a highway under a claim of right creates a highway by prescription, is not fatally erroneous in failing to require such use to be continuous and uninterrupted, where other instructions fully describe the use required.

4. SAME—*instructions must be regarded as a series.* Where the jury, in a road obstruction case, are fully instructed that public use of a road must be adverse, exclusive, uninterrupted, continuous and under claim of right for the necessary period, an instruction stating, in effect, that a highway by twenty years' user may exist even though it had not been recognized and worked as a public highway by the authorities, will be understood as meaning the user required by the other instructions.

APPEAL from the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Menard county; the Hon. T. N. MEHAN, Judge, presiding.

CHARLES NUSBAUM, and FRANK E. BLANE, for appellant.

SMOOT & LANING, and THOMAS P. REEP, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This suit was brought by appellee, against appellant, before a justice of the peace in Menard county, to recover a penalty for obstructing a public highway, under paragraph 136 of chapter 121, Hurd's Revised Statutes of 1905. From the judgment of not guilty an appeal was prosecuted by appellee to the circuit court of that county, where a verdict and judgment was entered against appellant for the sum of $10. That judgment has been affirmed by the Appellate Court for the Third District, and the record is brought to this court by appeal.

The strip of land upon which the alleged obstruction was placed was never laid out as a highway by proceedings in accordance with the Road and Bridge act of the State. Appellee offered evidence tending to show that the strip had become a highway by dedication, and also offered evidence tending to show that it had become a highway by prescription or user under the statute. Appellant conceded that it had been used somewhat as a road but denied that it was a public highway.

All controverted questions of fact are finally and conclusively determined against the appellant by the judgment of the Appellate Court. The only assignments of error urged here, open to consideration, are two which question the exclusion of certain evidence by the circuit court and assail the action of that court in passing on instructions.

Appellant called Henry Hendrickson, who had been road supervisor for that part of the county in which this alleged road lay from 1883 to 1887, and John A. Ridge, who was one of the highway commissioners of appellee for a period of six years, beginning in 1895 or 1896. Each of these witnesses was permitted to state that during the time he had jurisdiction of the territory in which this strip of land was located no public money was expended in working or improving this road. Appellant then sought to show by

each that he, (the witness,) at the time he was a road officer, did not regard this road as a public road, counsel's position in that regard having been stated in the discussion of the objections in this language: "We desire to prove that the highway commissioners didn't spend any money on that road for the reason they didn't regard it as a public road." This was simply an effort to show by each witness what his opinion was at the time he was a road officer, as to whether this was a public highway. Manifestly, this was not permissible. In view of the case made by appellee it was proper for each of these witnesses to testify that he did none of the acts which might be regarded as an acceptance on the part of the public authorities of an offered dedication of this road by the owner of the soil, and each was permitted to so testify in so far as he was interrogated. His opinion as to whether or not this road was a highway was wholly immaterial. And so with reference to the contention that the rejected evidence was competent on the claim of the highway by prescription or user. Under our statute with reference to user, which is here applicable, it is a matter of perfect indifference whether the highway authorities did or did not, at any particular time, regard the road as a public highway. (Hurd's Stat. 1905, chap. 121, par. 176; *Township of Madison* v. *Gallagher*, 159 Ill. 105.) It is user by the public that creates the highway by prescription under that statute.

Objection is made in this court to instructions Nos. 7 and 8 given at the request of appellee. The seventh advises the jury that twenty years' user, by the public, of the road as a highway, under claim of right, creates a highway by prescription. This instruction is said to be erroneous in that it omits the statement that the use must have been continuous and uninterrupted. The purpose of this instruction was to advise the jury of the meaning of the term "under claim of right." The third instruction given at the request of appellee, and the first, third and fifth given on the motion of

appellant, clearly inform the jury that the use by the public must have been adverse, exclusive, continuous, uninterrupted and under a claim of right for the necessary period. We think the omission of the element in question from the seventh instruction, in view of others given, did not vitiate that instruction.

The criticism of the eighth instruction is of the same character. That instruction advised the jury that recognition of a road as a public highway by the road officers, or the performance of work thereon by them, was not necessary to the establishment of a highway by prescription, but that the use of the alleged road by the public for a period of twenty years was sufficient to establish a public highway, although the road may not have been worked or otherwise recognized as a public road by the authorities. This is said to be erroneous because the use by the public therein referred to is not qualified by a statement that such use must have been adverse, exclusive, continuous, uninterrupted and under a claim of right for the necessary period. Inasmuch as the jury were otherwise fully instructed as to the character of the use necessary to establish the public highway, the omission of any definition or qualification of the use from this instruction was, we think, without significance. This instruction informed the jury that a highway, by twenty years' user, might exist even though it had not been recognized or worked as a public highway by the road authorities, and the jury would understand that the use of the road by the public for twenty years, mentioned in that instruction, was such a use as was necessary, under other instructions given, to create a highway by prescription.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*