# Commissioners of Highways of Cold Springs Township, Plaintiffs in Error, v. Thomas Bruner, Defendant in Error.

ROADS AND BRIDGES—*when highway becomes such by dedication.* A highway becomes dedicated to the public where the owners upon the respective sides build their fences in such way as to indicate the existence of the highway and the land is used as a highway pursuant to such dedication.

Action commenced before justice of the peace. Error to the Circuit Court of Shelby county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the November term, 1911. Reversed and remanded. Opinion filed October 14, 1911. Rehearing denied December 8, 1911.

RICHARDSON & WHITAKER and W. E. LOWE, for plaintiffs in error.

CHAFEE & CHEW, for defendant in error; THOMAS M. HEADEN, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by Commissioners of Highways against defendant to recover a penalty for the obstruction of an alleged highway in the town of Cold Spring, county of Shelby. This action was commenced before a justice of the peace, where a judgment was rendered against defendant for three dollars and costs. Defendant appealed to the circuit court, where a trial resulted in a verdict and judgment against plaintiffs for costs, from which this appeal is prosecuted.

The grounds of reversal urged are that the verdict is against the weight of the evidence, that the court erred in the admission and rejection of evidence and in the giving and refusing of instructions.

Plaintiffs claim a highway, both by right of prescription and by dedication.

The record discloses that the defendant became the owner of the southeast quarter of the southwest quarter of section 18, town 10, north, range 2, east of the third P. M., Shelby county, about four years prior to the time of the obstruction of the alleged highway by him; that twenty years or more prior to that time, this land was owned by a party by the name of Helms; the southwest quarter of the southeast quarter was, during all of that time, and is now, owned by one Johnson. The public highway which it is claimed has been obstructed by defendant extended in a northerly and southerly direction between these two tracts of land.

This record further discloses that at the time Helms owned the property now owned by defendant and while the land on the east was owned by Johnson, both Johnson and Helms constructed fences along what was supposed to be the line of their property, and the boundaries of the highway of the width of fifty feet were marked off by the erection of these fences. Helms erected a fence on the west side of this highway, and Johnson erected a fence on the east line, and the highway so laid out was travelled by the public and generally used by it. By building these fences the owners of the adjacent property, Helms and Johnson, dedicated the land enclosed between the fences as a public highway. Maltman v. C. M. & St. P. R. R. Co., 41 Ill. App. 230; Green v. Oakes, 17 Ill. 249; City of Chicago v. C. R. I. & P. Ry. Co., 152 Ill. 561.

The use of the land lying between these fences by the public for twenty years or more would create a highway by prescription, even if there had been no dedication by the owners of the land, and the public highway having existed for twenty years or more

prior to the time that defendant Bruner became the owner of the land, he had no right or authority to build or construct any fence or make other obstructions therein.

The record further discloses that after defendant Bruner became the owner of the land a survey was made for the purpose of locating the half-section line between these tracts, and it is contended by defendant that the location of this line by the surveyor showed that nearly the entire fifty feet of the highway was upon defendant's land and that in accordance with that survey, he moved his fence out into the public highway and reconstructed it at a point twenty-five feet west of the half-section line, and the effect of this was that the fence he constructed is located within a few feet, at some places, and at others at the edge, of the travelled highway. So far as the issues involved in this case are concerned, it is immaterial where the half-section line is and whether this highway lies twenty-five feet on each side thereof or not.

While the evidence discloses that at times, when the condition of the road was such as to render it difficult of passage, the travelling public did go upon the land of the defendant, and it is also shown by the evidence that the public did not at all times keep in the one regular beaten path, but where the line of a highway is marked and indicated by fences, and the public acquires right therein by prescription, the right attains to all enclosed between fences. Village of Peotone v. I. C. R. R., 224 Ill. 101; Township of Madison v. Gallagher, 159 Ill. 105.

The record discloses that for more than twenty years the public had used a roadway near the half-section line and that it was generally travelled by the public to gain access to a public highway on the north, and the right to a public highway by prescription

depends wholly upon user by the general public, and the question as to whether the public officials did or did not work and repair the road or regard it as a highway is immaterial. However, the highway commissioners of Cold Spring township had cut brush and other rubbish on the north end of this road. Road District No. 1 v. Beebe, 231 Ill. 147.

The variation of the travel between these fences is an immaterial matter. The action of the parties in building the fences definitely settled the question of the boundaries of the highway. There is no claim that the highway was ever laid out by the commissioners upon or along this half-section line, or that the owners of the adjoining land ever designated the half-section line as the center of the highway. The right of the public to a highway at this place exists both by dedication and by prescription. The verdict is so clearly against the manifest weight of the evidence as to require its reversal.

The first instruction given on behalf of the defendant is erroneous in not having any evidence in this record upon which it could be based; there is no intimation in this record in any way that the parties originally fencing this road intended to give twenty-five feet on either side of the half-section line. The second instruction given on behalf of defendant informed the jury that if there had been any dispute about this highway shown by the evidence, that the plaintiff could not recover; it is immaterial whether there had been any dispute or not, or whether any question had been raised as to the extent of the public highway or as to its exact location if, for fifteen years prior to the time of the dispute the same had been used as a public highway, any dispute arising after that time was wholly immaterial, and no evidence of the dispute of the existing of the highway after that time should have been received in this record.

The third instruction is also erroneous in not stating the law as to a dedication.  This instruction told the jury that unless the evidence showed with minute exactness the width, length and breadth of the land claimed to have been dedicated and also the exact amount of land contained therein, then the plaintiffs could not recover; the law does not require any such strictness of proof as laid down in this instruction. The seventh instruction given on behalf of defendant is subject to the same criticism as the first; there is no evidence in this record upon which to base it.

We find no error in the refusal of the instructions requested by the plaintiff and which were refused, as the propositions of law contained therein were fully covered by the other instructions given to the jury.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*