## Town of Georgetown, ex rel. Eugene Quartier, Appellant, v. Oscar McCorkle et al., Appellees.

ROADS AND BRIDGES—*what not essential to establish highway by prescription.* It is not essential that the intention of the owner to dedicate a strip of land to the public be proven before a prescriptive right to the highway can prevail; notwithstanding the intention of the original owners that the road shall be private is shown by their acts, declarations and agreements at the time of laying it out, yet a prescriptive right in the public obtained by use for the statutory period will not be defeated.

Action commenced before justice of the peace. Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1911.     Reversed and remanded. Opinion filed October 20, 1911.

LEWMAN & CRAYTON, for appellant.

CLARK & HUTTON, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This proceeding was instituted before a justice of the peace, against the defendants, under sections 71 and 74 of the Roads and Bridges Act (Rev. Stat. (1909) page 1927). Upon an appeal to the circuit court, a trial by jury resulted in a verdict of not guilty. Judgment was rendered upon such verdict in favor of the defendants, and against Eugene Quartier, the relator, for costs, whereupon the plaintiff prayed an appeal.

The contention of the plaintiff is that the roadway which it claims the defendants obstructed by maintaining a gate across the same, had become a public highway by prescription, while the defendants contend that the same had never been a public highway by prescription or otherwise, and that it was closed by gates or poles placed across the road many years ago; and, further, that even if such road was public, the gate maintained by them was not in the line of the same.

The preponderance of the evidence, which was conflicting, tends strongly to sustain the contentions of the plaintiff. While the questions of fact were for the jury, and its verdict should not be lightly disturbed, it was essential to a fair trial that it should have been accurately instructed as to the law applicable. The court at the instance of defendants, instructed the jury that the use of a strip of ground will be presumed to have been in accordance with the intention of the owner, and when a way is opened as a private pass way, and that fact clearly appears, it cannot be converted into a public highway by the mere use thereof, no matter how long that use may have continued; and, further, that the doctrine of a way becoming a public highway by prescription is only a rule of presumption for the purpose of determining the intent of the owner of the land and is inapplicable, if, from all the circumstances, an intention to dedicate the land to the public use is not satisfactorily established by the proofs; and although there may be acquiescence, with knowledge

of the use by the public, without objection on the part of the owner, it is not conclusive evidence of dedication, for it may be rebutted and all facts and circumstances tending to support or overcome the presumption may be shown and considered by the jury.

It is not essential that the intention of the owner to dedicate a strip of land to the public, be proven, before a prescriptive right to a highway can prevail. The settled rule of law in the state is that the intention of the original owners that a road should be private, shown by their acts, declarations and agreements at the time of laying it out, cannot defeat a prescriptive right of the public, obtained by use of the highway for the statutory period. Town v. Gallagher, 159 Ill. 105; Village v. R. Co., 224 Ill. 101. In Ins. Co. v. Littlefield, 67 Ill. 368, cited by defendants, the question of dedication, and not prescription, was involved. These instructions were erroneous and were calculated to mislead the jury in their consideration of the case.

By the defendants' fifth instruction the jury were told that the public cannot acquire a right by prescription; that is, by the user for fifteen years, to travel over a tract of land generally, although a slight deviation of travel from the thread of a road such as to avoid an obstruction, will not prevent such road being a road, yet that the travel by the public and the right of way must be confined to a specific line or way; and in this case, that if they found from the evidence that the public traveled to the cemetery in question or to the vicinity of such cemetery, generally,—that is indiscriminately,—by various lines of travel, and on other lines of travel than on the piece of land in question and that the travel and the right of way of the public was not confined to a specific line or way on the tract of land in question; and that such deviation was not for such purpose as to avoid an obstruction on the tract of land in question, that in such state of proof, the fact

that the public may have traveled to such cemetery or the vicinity thereof, and to reach such cemetery and vicinity thereof, and at times may have passed over the tract of land in question, that such occasional use by the public of the tract of land in question, in itself would not make the same a highway or public road by prescription.

The objection to this instruction is that it states the law to be that if the jury found from the evidence that the public traveled to the cemetery by other routes and such travel was not confined to the specific line occupied by the road in question, then there could be no presumption of user. The fact that the cemetery could be and was reached by other routes, was not proper to be taken into consideration in determining whether the public had obtained a prescriptive right to the road in question by user of more than fifteen years. "The test whether a road is public or private is not simply how many persons actually use it, but how many have a free right in common to use it." Town v. Gallagher, *supra*. Where a highway is claimed by prescription, if a certain and well defined line of travel is shown, it is sufficient, without regard to the number of persons using it. Poole v. City, 238 Ill. 305, is not in conflict with this view.

By defendant's sixth instruction, on the question of abandonment of a public highway, the jury were told that if the public has ceased to travel a road and acquired another which accommodates the public travel, an abandonment of the first road may be fairly presumed; that the highway commissioners are invested with the right to decide between the relative advantages of the two roads, and if they believe the one substituted for the other is preferable and adopt and improve the substituted road as the public highway, their decision is sufficient, and that where a highway has ceased to be used and another is acquired

in its place with the consent and approval of the public authorities, and the use of the original highway has ceased for a sufficient length of time to clearly indicate an acceptance by the public of the new highway, the old one will be regarded as abandoned. It is not the law that abandonment of a public highway by user is within the sound discretion of the highway commissioners. "It is user by the public which creates a highway by prescription, and the question whether the highway authorities did or did not, at any particular time, regard the road as a public highway, is of no consequence." Road District v. Beebe, 231 Ill. 147.

The third instruction given for the plaintiff, which attempts to define what is meant by a preponderance of proof, is incorrect, argumentative and misleading, and should not have been given.

Because of the error in giving the foregoing instructions, the judgment of the circuit court must be reversed and the cause remanded.

*Reversed and remanded.*