## Town of Littleton, Appellee, v. J. E. Martin, Appellant.

### Gen. No. 7,740.

1. HIGHWAYS AND STREETS—*sufficiency of evidence of road in prosecution for obstructing.* A verdict of guilty on a charge of obstructing a public road was supported by evidence that a strip of land inclosed on one side by a fence and on the other by a hedge had been known and used as a highway common to all the people for more than the prescriptive period provided for in section 139, art. 8, of the law concerning roads, Cahill's Ill. St. ch. 121, ¶ 153, and that defendant built a fence across such road.

2. HIGHWAYS AND STREETS—*in prescriptive road intention is immaterial.* Where the evidence shows that a road has been known and used as a highway common to all the people for the statutory period of prescription, the original intention of the owners of the soil is not material.

Appeal by defendant from the Circuit Court of Schuyler county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed June 17, 1924.

H. M. BILLINGSLEY and T. E. BOTTENBERG, for appellant.

B. O. Willard and George B. Steele, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case a prosecution was instituted by the Town of Littleton against the appellant, J. E. Martin, under section 151 of article 8 of chapter 121, of the law relating to roads. [Cahill's Ill. St. ch. 121, ¶ 167.] The section referred to provides that: "If any person shall injure or obstruct a public road  *  *  *  by placing or leaving any other obstruction thereon, or encroaching upon the same with any fence  *  *  * he shall forfeit for each and every such offense a sum not less than $3.00, nor more than $10.00."

A trial was had in the circuit court of Schuyler county which resulted in a verdict finding the appellant guilty and assessing a penalty of $3 against him. Judgment was rendered on the verdict, and this appeal is prosecuted from the judgment.

The road in controversy runs along the east side of the northwest quarter of the northwest quarter of Section 18 in Littleton township. The only question in the case is whether the alleged road is a public highway. Section 139 of article 8 of the law concerning roads [Cahill's Ill. St. ch. 121, ¶ 153] provides that: "All roads in this State which have been laid out in pursuance of any law of this State, or of the territory of Illinois, or which have been established by dedication or *used by the public as highways for fifteen* years, and have not been vacated in pursuance of law, are hereby declared to be public highways." The evidence shows that the alleged road involves a strip of land running along the east side of the northwest quarter of the northwest quarter of Section 18 referred to, which was marked by a fence on one side and a hedge on the other for many years, and which had been traveled without restriction by the public for about thirty years, and the public, or any person

desiring to use the same, apparently had the free and unrestricted right to do so, and its use as a road was common to all. The appellant contends that the road in question was merely a private road or neighborhood road, which the original owner of the strip of land set apart to be used as a private road, and that it was the intention of the owner that the road should be used only as a private road. There is no evidence in the record of any intention on the part of the owner to have the road become merely a private roadway. Where the evidence shows that the road has been known and used as a highway common to all the people for the statutory period of prescription, the original intention of the owners of the soil is not material; and under the statute, "the continued and uninterrupted use of lands as a highway for the statutory period must, in the absence of proof to the contrary, be presumed to have been under a claim of right, and creates a prescriptive right in favor of the public." *Township of Madison v. Gallagher,* 159 Ill. 105. There is no evidence in the case contradicting the proof made by appellee, of the free and unrestricted use of the alleged road prior to the time (in the summer of 1922) when the appellant closed it, by placing posts across the south end of the road, and nailing wires thereon, thereby causing the obstruction complained of in this case. The verdict of the jury was in accordance with the evidence, and the judgment rendered thereon is in accordance with the law. The judgment is affirmed.

*Judgment affirmed.*