THE CITY OF CHICAGO

*v.*

A. T. GALT.

*Opinion filed December 22, 1906.*

1. HIGHWAYS—*what essential to way by prescription.* To establish a public highway by prescription, the use by the public must have been adverse, under claim of right, continuous, uninterrupted, and with the knowledge of the owner of the estate yet without his consent.

2. SAME—*occasional travel to avoid bad places in road is not sufficient.* Occasional travel over private property adjoining a public highway for the purpose of avoiding ruts or bad places in the highway is not sufficient to establish a prescriptive right.

3. SAME—*well defined line of travel must have existed for fifteen years.* To establish a prescriptive right in the public to pass over private property, where the owner has done no act to indicate that such property is part of the public highway and the public authorities have taken no steps to indicate that they so consider it, it must be shown that a certain and well defined line of travel has existed over the property for at least fifteen years.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

CHARLES H. MITCHELL, JOHN M. O'CONNOR, and M. W. CAGNEY, (JAMES HAMILTON LEWIS, Corporation Counsel, and TOLMAN, REDFIELD & SEXTON, of counsel,) for appellant.

HUFF & COOK, for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

On June 19, 1905, the city of Chicago passed an ordinance providing that Clarendon avenue from Montrose avenue to Wilson avenue be improved by adjusting sewers, catch-basins and man-holes, curbing with limestone curbings, and filling and paving with slag and granite-top macadam,

the whole cost of the improvement to be paid by special assessment, in accordance with the Local Improvement act. The width of the roadway of Clarendon avenue to be paved is fixed by the ordinance at 38 feet. Thereafter, on October 5, 1905, the city of Chicago filed a petition in the county court of Cook county praying that steps be taken to levy a special assessment to defray the cost of said improvement in the manner prescribed by the statute. An assessment roll was made and returned into court showing an assessment of $5032.50 against property owned by A. T. Galt, the appellee. Galt appeared and filed objections to the confirmation of the assessment, alleging, among other things, that the ordinance provides for the making of an improvement upon property owned by him which has never been opened or dedicated for street purposes; that said property is not in the possession of the municipality and no proceedings have been taken by the city to acquire the same. The court, after hearing the evidence upon the issue presented by the objections above mentioned, sustained the objections as to appellee's property and dismissed the petition as to that property. The city of Chicago thereupon appealed to this court, and here contends that the county court erred in finding, from the evidence in the case, that a portion of the land upon which the improvements were to be constructed was the private property of Galt.

Appellant stipulated on the trial in the county court that the strip of land in controversy never became a part of Clarendon avenue by dedication, and here admits that the evidence neither shows a statutory nor common law dedication of that strip for public use as a street or highway, but contends that the right to use the strip as a part of Clarendon avenue was obtained by prescription.

Clarendon avenue is located in that portion of the city of Chicago which formerly comprised the town of Lake View. It is a continuation of Halsted street from Montrose avenue north, and terminates at Lake Michigan about five

blocks, approximately a quarter of a mile, north of the point where the name of the highway is changed from Halsted street to Clarendon avenue. Proceeding north from its southern extremity, Clarendon avenue is intersected, in the following order, by Galt avenue, Windsor avenue and Wilson avenue, all running east and west. The proposed improvement extends from Montrose avenue to Wilson avenue, a distance of three blocks, but the blocks differ in measurement from north to south.

On the west side of Clarendon avenue between Galt avenue and Windsor avenue the appellee owns a tract of land which extends north from Galt avenue to a point 93.75 feet south of Windsor avenue, a distance of about 495 feet. This tract of land has never been subdivided and is not included within any subdivision. As originally conveyed to Galt it consisted of fifteen acres, part of which was dedicated by Galt to form Galt avenue on the south. The matter in dispute is whether Clarendon avenue, along the 495 feet of property owned by Galt, is 66 feet wide, as contended by appellant, or is only 33 feet wide, as claimed by appellee. If the avenue is 66 feet wide, then the center of this avenue is upon the section line between sections 16 and 17 and the west 33 feet of the avenue is west of the section line. If it is but 33 feet in width, then the section line is the west line of the avenue and Galt is the owner of the 33 feet west of that line which is claimed by the city as a part of the avenue.

In 1886, one Young, the owner of ten acres immediately south of Galt's land, made a subdivision of that ten acres and dedicated 33 feet on the east side of the last mentioned tract to the town of Lake as a part of Clarendon avenue. In 1888 one Hall platted the land adjoining Galt's property on the north and dedicated the east 33 feet thereof to the town of Lake as a part of Clarendon avenue. Prior to the time Galt obtained title to his land school trustees made a subdivision of land in section 16 above mentioned, and dedicated the west 33 feet of that portion of the section between

Montrose avenue and Wilson avenue to the public as a part
of the street now known as Clarendon avenue. Thus Clar-
endon avenue, as early as 1888, by statutory dedication
became a public street .or highway 66 feet in width from
Montrose avenue to Wilson avenue, except the strip 33 feet
in width immediately west of the section line, from Galt
avenue on the south to a point 93.75 feet south of Windsor
avenue on the north.

It is contended by appellant, however, that the strip last
mentioned has been used by the public as a highway for more
than fifteen years, and that, under section 1 of chapter 121,
proof of such user establishes the existence of a public high-
way or street over that strip. Most of the evidence produced
in the trial court was upon the question of user of this strip.
On the part of appellant, evidence was offered to show that
the public had driven over and used this strip as a part of
the street for over fifteen years, while the appellee introduced
evidence to the effect that the travel was, and had always
been, over the east 33 feet, and that if there had ever been
any travel over the strip in controversy it had only been
occasional and for the purpose of avoiding ruts made by
wagons passing over the road on the east 33 feet, and that
such occasional travel had been without the knowledge of
Galt. From a consideration of the testimony we are of
opinion that the trial court was fully justified in finding that
the preponderance of the testimony showed that the only
well defined lines of travel were on the east 33 feet; that
those witnesses who testified to any considerable amount of
travel on the west 33 feet did so under a mistake of fact as
to the true location of the dividing line between the east 33
feet admitted to be in the highway and the west 33 feet in
dispute; that although there had been occasional travel on
the strip in controversy, such occasional travel had estab-
lished no clear or well defined track or line of travel, and
that persons passing over the strip in controversy had done
so for the purpose of avoiding ruts in the road on the east

side, which existed at times, and that Galt, although he visited his property on an average of once a week, had no knowledge that his property was being continuously used by persons passing along Clarendon avenue in such a way as to indicate that the public had any right therein.

In order to establish a prescriptive right in the public to pass over private property where it is claimed that such property constitutes a part of a public highway, and where no act has been done by the owner to indicate that such property is a part of the highway or by the public authorities to indicate that it has been considered by them as a part of · the highway, it must be shown that a certain and well defined line of travel has existed over that property for a period of at least fifteen years. Proof of occasional travel over the property, outside the acknowledged highway and outside the main line of travel, for the purpose of avoiding ruts or bad spots in that highway is not, alone, sufficient. *Township of Madison* v. *Gallagher,* 159 Ill. 105; *Town of Bethel* v. *Pruett,* 215 id. 162; *Village of St. Anne* v. *Coyer,* 223 id. 96.

The testimony in the case shows that Clarendon avenue, at the intersection with Galt avenue, is only about 200 feet from Lake Michigan on the east, and that this distance lessens towards the north, until about four blocks north of Galt avenue it meets the lake and there terminates; that fifteen years ago the principal and almost only travel along this street was that of teams and wagons hauling sand from property included within five blocks north of Galt's land; that there were only three houses on the eighty acres of which Galt's property is a part, and that Sheridan road and Evanston avenue, which are the principal thoroughfares from the district north of the portion of the city in which the property in question is located, are only a short distance west of Clarendon avenue. · We think the facts are clearly deducible from the evidence that more than twenty-five years ago persons hauling sand from property north of Galt's land estab-

lished and followed a road on the east 33 feet of what is now Clarendon avenue and which became a public highway 33 feet in width when the school trustees'. subdivision of section 16 was made, and that the main line of travel has never changed from the track or road so established, notwithstanding the dedication of strips 33 feet in width west of the original highway, both north and south of the strip in dispute.

Appellee's property has never been fenced on the east side, and there is no object or visible line separating the private property from the highway. The land for many years has contained on its surface trees and brush, some of which are located on the strip west of the section line now claimed by the city as a part of the street. The public authorities have never before attempted to remove any trees or brush from this strip, nor to grade, work, pave or otherwise improve it as a part of the highway, except as hereinafter noted. About three years prior to the hearing below the city passed an ordinance providing for the construction of cement sidewalks on both sides of Clarendon avenue from Montrose avenue to Wilson avenue, the cost thereof to be paid by special assessment. The city filed its petition in the county court praying that steps might be taken to levy the special assessment. Galt, however, objected to the assessment against his property and to the construction of a sidewalk thereon, on the ground that the strip here in question over which the sidewalk was to be constructed was his private property. After the objections had been sustained and the petition dismissed the court set aside the order sustaining the objections and dismissing the petition, and permitted the city to dismiss the petition as to Galt's fifteen acres upon its own motion. The sidewalk was constructed as provided by the ordinance except over the strip here in controversy, and over that strip there is not now, and never has been, any sidewalk. Again, in 1896, when the city had in contemplation the construction of a sewer which was to be laid in Clarendon avenue, the commissioner of public works sent

for Galt and obtained permission to extend the sewer through this strip. On another occasion the city granted permission to a telephone company to erect poles on this land and to string wires thereon. The poles were erected and wires strung without the knowledge or consent of Galt, who, upon learning of the action of the city and telephone company, entered a protest with the city authorities which seems to have been unavailing. At another time Galt had a teamster arrested for removing sand from the property in question. It seems evident that whenever the city or any individual claimed the right to use this strip in a manner inconsistent with the private ownership of Galt, and such claim was brought to his attention, he denied such right and forbade the use of the street in such manner by the city or individual, and that the course pursued by him resulted in interruption to such use as the public was making of the property in controversy.

It has been frequently decided by this court that to establish a public highway by prescription, the use by the public must have been adverse, under claim of right, *continuous, uninterrupted,* and with the knowledge of the owner of the estate yet without his consent. *Town of Brushy Mound* v. *McClintock,* 150 Ill. 129; *City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 id. 561; *Township of Madison* v. *Gallagher,* 159 id. 105; *Illinois Central Railroad Co.* v. *City of Bloomington,* 167 id. 9; *O'Connell* v. *Chicago Terminal Railroad Co.* 184 id. 308; *Falter* v. *Packard,* 219 id. 356.

Upon the evidence contained in this record we cannot say that the county court erred in holding that the strip of land in controversy was the private property of the appellee and not a part of the public way.

The judgment of the county court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.