THE CITY OF CHICAGO, Appellee, *vs.* A. N. WILDMAN *et al.* Appellants.

*Opinion filed April 23, 1909—Rehearing denied June 3, 1909.*

1. HIGHWAYS—*proof must be clear to show common law dedication.* To establish a common law dedication it is essential that the proof be clear and unequivocal as to the intention of the proprietor to dedicate to public use.

2. SAME—*occasional travel does not establish way by prescription.* To establish a public highway by prescription the use by the public must be shown to have been adverse, under claim of right, continuous, uninterrupted and with knowledge of the owner of the estate; and proof of occasional travel is not sufficient.

3. SPECIAL ASSESSMENTS—*when confirmation should be refused because city has not acquired land.* Proof that a city has not acquired the land in an alley by dedication or prescription is sufficient to overcome the city's *prima facie* case for confirmation of an assessment to pave the alley, even though the objectors do not show that the land has not been acquired by condemnation or grant, where the city tried the case on the theory that it had acquired the land by dedication or prescription and did not bring the question of condemnation or grant to the trial court's attention.

APPEAL from the County Court of Cook county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding.

LOUIS E. HART, for appellants.

GEORGE A. MASON, and WILLIAM T. HAPEMAN, (EDWARD J. BRUNDAGE, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming an assessment levied for paving with vitrified brick, alleys between Thirty-fifth and Thirty-seventh streets on the north and south and Forest and Calumet avenues on the east and west, in the city of Chicago.

Appellants' assessment was $954.66. In their objections they stated that eight feet of the proposed pavement was to be laid upon a part of their property, and that said eight feet had not been acquired by and was not in the possession of appellee, nor had any proceedings to acquire such land been begun and proceeded to judgment. On the hearing of these legal objections appellants offered proof conclusively showing that there was no deed or plat of record dedicating said eight feet for use as an alley, and they also offered proof that said eight feet had not been dedicated at common law and the public had not acquired a right thereto by prescription. Appellee offered no proof on these points. The trial court overruled the legal objections, and an exception to this ruling was properly preserved. It is apparent from the record that this ruling was made on the ground that the proof offered as to the absence of a dedication of said eight feet for an alley was not sufficient to overcome the proof offered by the appellee in making its *prima facie* case. We think the court erred in this ruling. To establish a common law dedication it is essential that the proof be clear and unequivocal as to the intention of the proprietor to dedicate to public use, (*Stacy* v. *Glen Ellyn Hotel Co.* 223 Ill. 546; *Town of Bethel* v. *Pruett,* 215 id. 162;) and in order to establish a public highway by prescription the use by the pub-

lic must have been adverse, under claim of right, continuous, uninterrupted and with the knowledge of the owner of the estate. Occasional travel, such as is shown by the record here, is not sufficient. (*City of Chicago* v. *Galt,* 224 Ill. 421.) We think the evidence offered showed that neither had there been a common law dedication nor had title been obtained by prescription.

Counsel for the appellee practically admit that this is the condition of the record, but insist that as under the decisions of this court it is necessary for appellants to overcome the *prima facie* proof, (*City of East St. Louis* v. *Davis,* 233 Ill. 553; *Watts* v. *Village of River Forest,* 227 id. 31;) it was not sufficient for them to prove only that there was no common law dedication or title by prescription as to said eight feet, but that appellants should also have proved that condemnation proceedings had not been begun by the city and proceeded to judgment before the hearing in this cause, and also that the city had not procured title to said eight feet by easement properly granted. If appellee had suggested this in the trial court, as was done in *Watts* v. *Village of River Forest, supra,* there would have been force in this contention, but the legal objections were heard and decided by the trial court on the theory that title had been obtained by dedication or prescription. Had appellee insisted on this point in the trial court it could easily have been settled by proof. It is too late to raise it here for the first time.

As the case must be reversed for the reasons already stated we do not find it necessary to decide the other questions raised.

The judgment of the county court will be reversed and the cause remanded to that court for further proceedings in accordance with the views expressed in this opinion.

*Reversed and remanded.*