## Town of Pleasant View, Appellee, v. Edward Day, Appellant.

1. ROADS AND BRIDGES—*what quantum of proof required in action for obstruction of public highway.* In an action to recover a penalty for the obstruction of an alleged public highway it is necessary that the plaintiff shall establish its right not by a mere preponderance but by a clear preponderance of the evidence, and unless it does so, it is not entitled to recover.

2. INSTRUCTIONS—*approved form as to highway established by prescription.* *Held,* that the following instructions were proper and that their refusal was reversible error.

"The jury are instructed that the public cannot acquire a right by prescription, that is, by user for fifteen years, to travel over a tract of land generally. The travel and right of way must be confined to a specific line or way that could properly be called a road. That travel may slightly deviate from the thread of a road to avoid an obstruction, and, still, not change the road itself."

"You are further instructed that if the various and distinct lines of travel have been used at different times across a piece of land, the time during which the different lines have been used cannot so be computed as to make up the requisite fifteen years to establish a prescriptive right of way to any single line of road."

Action commenced before justice of the peace. Appeal from the County Court of Macon county; the Hon. ORPHEUS W. SMITH, Judge, presiding. Heard in this court at the May term, 1909. Reversed. Opinion filed March 30, 1910.

ALBERT G. WEBBER, for appellant.

WHITLEY & FITZGERALD, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant for the obstruction of an alleged public highway in the town of Pleasant View, Macon county. The trial below resulted in a judgment against appellant for $33, to reverse which he prosecutes this appeal.

The highway alleged to have been obstructed is claimed by appellee by right of prescription, it being

conceded that there was no dedication or condemnation of this highway. Therefore, the only question raised is, whether appellee had a right of prescription over the portion of the highway claimed to have been obstructed. Before appellee was entitled to recover, it was necessary for it to establish not only by a preponderance of the evidence but by a clear preponderance that a highway existed at the point where the obstruction is claimed to have been placed.

The obstruction was a fence, built by appellant upon what appellee claims was a portion of this public highway. The construction of the fence at this point is not in dispute, the question being, whether or not at that point a public highway existed.

The suit was originally brought before a justice of the peace for violation of section 71, chapter 121, of the Revised Statute.

The road in question lies between sections eleven and fourteen in the town of Pleasant View, Macon county, and that a public highway existed between the sections for a great many years is not disputed, the dispute arising upon the width of the highway.

In an action to recover a penalty of this character, it is necessary that appellee shall establish its right, not by a mere preponderance but by a clear preponderance of the evidence and unless it does so, it is not entitled to recover. Atchison, Topeka & Santa Fe R. R. Co. v. The People, 227 Ill. 270.

The rule of the sufficiency of proof to establish a right by prescription is laid down by the Supreme Court in the case of City of Chicago v. Galt, 224 Ill. 421, also in the case of O'Connell et al. v. Chicago Terminal Transfer R. R. Co., 184 Ill. 308. These cases hold that in order to establish a prescriptive right in the public, the use must have been adverse, under claim of right, continuous and uninterrupted with the knowledge of the owner and with his consent; that occasional travel over property adjoining the public highway for the purpose of avoiding ruts and bad

places in the highway is not sufficient to establish a right by prescription. The preponderance of the evidence in this case discloses that the only times that this strip of ground, now in dispute, was traveled as a public highway were when the portion of the highway, which is not in dispute, was in such condition as to be impassable and at such times the public turned upon this strip of ground. Under the authority above cited this is not sufficient to establish a right by prescription and no such right existed upon this strip of ground.

Appellant assigns as error the refusal to give certain instructions asked by him. The first instruction refused was as follows:

"The jury are instructed that the public cannot acquire a right by prescription, that is, by user for fifteen years, to travel over a tract of land generally. The travel and right of way must be confined to a specific line or way that could properly be called a road. That travel may slightly deviate from the thread of a road to avoid an obstruction, and, still, not change the road itself."

The second instruction refused was as follows:

"You are further instructed that if the various and distinct lines of travel have been used at different times across a piece of land, the time during which the different lines have been used cannot so be computed as to make up the requisite fifteen years to establish a prescriptive right of way to any single line of road."

These instructions properly stated the rule of law and should have been given by the trial court and it was error to refuse them.

Counsel for appellee insists that the evidence of appellee, when considered alone, is sufficient to sustain the proof of a highway by a prescription at this place, and that the rule of law is, that where appellee's evidence, when considered by itself, is sufficient to sustain the verdict, it will not be disturbed by a court of review. Such a rule of law does not obtain in this State. Donelson vs. Ry. Co., 235 Ill. 625. If such

were the rule, then any verdict would have to be sustained regardless of whether it was against the weight or preponderance of the evidence. We presume the rule that counsel undertakes to invoke is that, where the evidence is conflicting and the court of review is unable to determine upon which side the preponderance is, the evidence being hopelessly conflicting, then it will not be disturbed by a court of review.

From the evidence in this case, we hold that appellee's evidence, even when considered alone, is not sufficient to sustain a verdict, and that the proof in this case does not show a public highway at the point where appellant's fence was so constructed; the judgment must, therefore, be reversed.

The finding of this court being contrary to the verdict of the jury, the clerk will incorporate in his judgment a finding that the evidence does not show the existence of a public highway and does not show an obstruction of any public highway by appellant.

The judgment is reversed without remanding the cause.

*Reversed.*