KELSEY v. FURMAN.

**Highway**: BY PRESCRIPTION. Where the public have traveled for more than ten years a route deviating slightly from that originally established, by reason of an obstacle in the surveyed route and pursuant to some arrangement with adjacent owners, and not by mistake merely, such traveled route becomes a highway by prescription.

*Appeal from Linn District Court.*

TUESDAY, JUNE 17.

SUIT in equity to enjoin the defendant, who is a road supervisor, from tearing down plaintiff's fence and destroying ornamental trees, currant bushes, etc. A temporary injunction was issued. The cause was tried to the court, by the first method of trying equitable issues, and judgment was rendered for the plaintiff and the injunction made perpetual. The defendant appeals.

*Thomas Corbett* for the appellant.

*Thompson & Davis* for the appellee.

COLE, J. — The evidence shows that the plaintiff, being the owner of certain lands, did, more than seventeen years ago, give to the public sixty-feet in width along the line thereof, for a highway, and upon which a public road was located; that by reason of a stone bluff and some arrangement by plaintiff with adjoining owners, the road, from the first, was traveled on a route slightly variant from the line whereon it was laid; that the plaintiff, some fourteen years ago, had set and cultivated certain ornamental trees along the line or side of the road as traveled, and had also, some six or seven years ago, planted and cultivated currant bushes along other parts of the line; that defendant, several years before this suit was brought, became owner of the lands on the opposite side of the road from plaintiff, and having afterward become supervisor of the road he proceeded to set his own fence into the traveled road and on the section line as laid, and had torn down sixty rods, and was about to tear down the balance of plaintiff's fences and destroy his trees and bushes along the line of the road as traveled and worked, when this action was brought to enjoin him therefrom.

This case is different from the case of *The State* v. *Crow*, 30 Iowa, 258; see, also, *The State* v. *Welpton*, 34 id. 144,

for there, while the route traveled was different from the route surveyed, it was by reason of a mistake in the survey — the public and the owners all the time supposing they were using the surveyed route. But here, the public traveled knowingly, from the first, on a route different from that surveyed, because of the stone bluff and the arrangements made for the travel. Having thus traveled and used that route for more than ten years (one of the witnesses says for twenty-one years), it has become a highway by prescription. *Onstott* v. *Murray*, 22 Iowa, 457. It being a highway, the defendant had no right to encroach thereon by setting his fence in it and thereby to create a necessity for removing the plaintiff's fences, trees, etc. We do not discuss whether the *public* has lost by non-user its right to open and use its road along the surveyed line ; because we regard this as essentially a controversy between adjoining owners.

Affirmed.