Shellhouse *et al. v.* The State.

———————◆———————

No. 11,244

## SHELLHOUSE ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Obstruction of Highway.*—*Establishment of Highway by Prescription.*—Before a highway can be established by prescription, it must appear that the general public, under a claim of right, and not by mere permission of the owner, used some defined way, without interruption, or substantial change, for a period of twenty years or more:

SAME.—*Interruption of Use by Public.*—When the use of a way is interrupted, prescription is annihilated, and must begin again, and any unambiguous act by the owner, such as closing the way at night, or erecting gates or bars, which evinces his intention to exclude the public from its uninterrupted use, destroys the prescriptive right.

SAME.—*Public Use of Private Way.*—Where the owners of land devote a portion of it for use as an alley or passage-way for their own private purposes, such alley or passage-way will not be converted into a public highway simply because the public also use it by permission from the owners.

SAME.—*Dedication.*—To constitute a valid dedication, there must be an actual intention on the part of the owner or owners, clearly indicated by unequivocal acts or conduct, to dedicate the land to the public for use as a highway, and there must be an acceptance by the public of the land dedicated.

SAME.—For evidence held insufficient to sustain a charge of obstructing a public highway, see opinion.

From the Marion Criminal Court.

*J. T. Dye* and *W. P. Fishback*, for appellants.

*S. Claypool* and *W. A. Ketcham*, for the State.

MITCHELL, J.—The appellants, Shellhouse, Phillips and Lockwood, were prosecuted upon a joint information, in which they were charged with having unlawfully obstructed a public alley in the city of Indianapolis, which alley, it was charged,. extended east from East street to Liberty street, between Washington and Maryland streets.

It was charged that the obstruction of the alley was occasioned by the erection and maintenance thereon, by the appellants, of a permanent structure, consisting of a high board fence and wall across the alley, at a point two hundred and fifty feet east of East street.

The defendants were found guilty, and each was assessed with a fine of one dollar and costs.

There is no dispute but that the structure complained of was erected by the defendants, nor is it denied—if the *locus in quo* is an alley, as is claimed by the State—that the erection and maintenance of the wall and fence constitute an unlawful obstruction of a public way.

The matter in controversy is as to whether or not the place obstructed is, or ever was, a public alley. The State affirms that it is, and ought so to continue, and that the defendants, by erecting and maintaining the obstructions complained of, became the authors of a continuing nuisance. This the appellants deny, and assert that the place in question is part of their own freehold, and never was in any manner dedicated to the public, nor in any other manner constituted a public alley.

The State makes no claim that the alley was ever indicated upon any plat or subdivision of the land or lots through or over which it is asserted that a public passage-way exists, except at the east end of the block in controversy. It does not appear from the evidence, and it is not claimed, that the alleged alley was ever located or opened by any public body having authority to lay out and open streets, alleys or highways ; nor is there any claim that the public authorities ever

did anything to recognize the existence of an alley at the place in question.

It is claimed that the alley traverses out-lots 83 and 84, from east to west. Certain plats of subdivisions of these lots appear in the record. These indicate that an alley, thirty feet in width, was located on the west half of out-lot 84. On the east half of the last named lot, and on out-lot 83, as also the lots adjoining that last named on the east, the plats give no indication of any alley. Numerous conveyances of the various subdivisions of these lots also appear in the record. No mention of, or allusion to, an alley or other passage-way, of any description, is found in any of these conveyances.

There are two theories upon which it is claimed, in support of the judgment of conviction, that an alley has been established. The first is an alleged prescriptive right, growing out of twenty years and more of continuous, uninterrupted user by the public. The other is that there has been a dedication of the ground by the several owners to the public, to be used as a public alley.

Without rehearsing the evidence, it is enough to say it comes far short of sustaining either theory.

If it were granted that a right of way might be acquired over an uninclosed lot or lots, in a city or town, by twenty years' user by the public, a proposition open to much doubt, the evidence in the record fails to show that the public habitually used any particular or defined way over the lots in question. That persons exercised the privilege of driving over the lots at pleasure in an irregular way, while they remained uninclosed, may be conceded, and that as some of the lots were enclosed and improved, barns and other out-buildings were erected so as to leave room for approach by what is, now claimed as a public alley, and that the space so left was sometimes used by the public may also be conceded. This, however, is not sufficient to establish a public way by prescription. Before a highway can be thus established, it must appear that the general public, under a claim of right,

and not by mere permission of the owner, used some defined way, without interruption or substantial change, for a period of twenty years or more. *Stephenson* v. *Farmer*, 49 Ind. 234; *State* v. *Green*, 41 Iowa, 693; 2 Dillon Munic. Corp., sec. 637; *Chestnut Hill, etc., T. P. Co.* v. *Piper*, 77 Pa. St. 432; *Talbott* v. *Grace*, 30 Ind. 389; *Pentland* v. *Keep*, 41 Wis. 490.

Of course, it is not necessary that every one who travels over the way should declare that he has a right to do so, but the use must be of such a character as to indicate in some way that the public claims a right to the way, and to its use and the exercise of jurisdiction over it, without the permission of the owner. When the use is interrupted, prescription is annihilated, and must begin again. *Sargent* v. *Ballard*, 9 Pick. 251.

A highway, from its very nature, must be open to the public for use day and night, and any unambiguous act by the owner, such as erecting gates or bars over the highway, which evinces his intention to exclude the public from the uninterrupted use of the highway, destroys the prescriptive right, unless it had fully matured before it was interrupted. *Jones* v. *Davis*, 35 Wis. 376.

The evidence fails to show that any certain defined way was used by the public under a claim of right; besides, it very clearly appears that from 1871 to 1875 gates were maintained across what is now claimed as part of the public alley. It is not denied but that these gates were always closed and locked at night, and on every Sunday. The public was thus excluded. When it used the passage-way, it was by permission of the owner.

Where the owners of land devote a portion of it for use as an alley or passage-way for their own private purposes, such alley or passage-way will not be converted into a public highway, simply because the public also uses it by permission from the owners. *Illinois Ins. Co.* v. *Littlefield*, 67 Ill. 368; *Hall* v. *McLeod*, 2 Met. (Ky.) 98; *Carpenter* v. *Gwynn*, 35 Barb. 395.

The evidence fails to establish the existence of an alley at the place in question by dedication. To constitute a valid dedication there must have been an actual intention on the part of the owner or owners, clearly indicated by unequivocal acts or conduct, to dedicate the land to the public, for use as an alley, and there must have been an acceptance by the public of the land dedicated. *Tucker* v. *Conrad,* 103 Ind. 349, and cases cited.

As was in effect said in the case above cited, unless there appears an actual intent to dedicate on the part of the owners, the court can not do otherwise than to find that there was no dedication. *Mansur* v. *State,* 60 Ind. 357.

Mere evidentiary facts, such as permitting the public to pass over land with the owner's permission while he uses the land for his own purposes, or until he chooses to devote it to other uses, do not constitute of themselves dedication. The dedication must have been clearly " manifested by unequivocal acts or declarations, upon which the public, or those interested in such dedications, have acted." *Lamar County* v. *Clements,* 49 Texas, 347. *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200; *Tupper* v. *Huson,* 46 Wis. 646; *City of San Francisco* v. *Canavan,* 42 Cal. 541.

In the language of PARKE, B., in *Poole* v. *Huskinson,* 11 M. & W. 827, "A single act of interruption by the owner is of much more weight, upon a question of intention, than many acts of enjoyment."

In the case before us, the intention of the owners of the land to dedicate the alley to the public is not made apparent; on the contrary, the circumstances indicate that there was no such intention. So, also, there is an entire absence of any evidence to show that there was any acceptance or recognition of the alley by the public authorities.

Judgment reversed.

Filed April 27, 1887.