No. 432.

## The Louisville, New Albany and Chicago Railway Company v. Etzler, Executor.

RAILROAD.—*Highway.—Use of Road for Twenty Years.—Public Road Crossing.—Duty of Railroad Company to Fence in.—Killing of Animals.*—The use of a road as a highway for twenty years vests an indefeasible right in the public, and it is immaterial whether the use is with the consent or over the objection of the adjoining land-owners. To make the road a highway by user, it must be used by the public, but its character is not determined by the number of those who travel upon it. If it is travelled by the people of the neighborhood, and all others desiring to travel through that way, this is use by the public. It is the duty of a railroad company to construct and maintain cattle-guards at a public road crossing to prevent the access of animals from the intersecting highway, and the failure to do so is a failure to fence in its railroad securely at a place where it might be fenced.

SAME.—*Killing of Animals.—Fencing at Place of Entry.*—In an action under the statute against a railroad company to recover damages for the killing or injuring of animals, it is well established that the defendant's liability depends upon the question whether the railroad was securely fenced in at the place where the animals killed or injured by the passing train entered upon the railroad. The question concerning a sufficient fence always relates to the place of entry, not to the place of the killing or injuring, if it be other than the place of entry.

SAME.—If animals have entered at a place where the railroad company, being bound to fence, has not done so, and they wander or are driven by an engine along the track to another place thereon, and are there struck and injured by the engine, the company is liable whether or not the place at which the injury is done be one at which the company is bound to fence, and whether or not that place be in fact fenced, and though in passing to that place from the place of entry the animals may have passed over a place at which the company was not bound to fence, as a public highway.

From the Washington Circuit Court.

*E. C. Field, C. C. Matson* and *W. S. Kinnan,* for appellant.

*H. Morris,* for appellee.

BLACK, J.—This was an action against the appellant to recover damages for the killing of one mule and the injuring

of another, both the property of the appellee's testator. The complaint was in two paragraphs, the first stating a cause of action under the statute, alleging that the mules went upon the railroad track at a point where the railroad might have been, but was not, securely fenced, etc., and the second seeking a recovery on the ground of negligence.

A demurrer to each paragraph of the complaint was overruled. The answer was a general denial. The cause was tried by the court, and a special finding was rendered. The appellant excepted to the conclusion of law stated, and filed a motion for a new trial, which was overruled.

The assignment of errors and argument of counsel present the questions whether the court erred in overruling the demurrer to the second paragraph of the complaint, or in the conclusion of law stated by the court, or in overruling the motion for a new trial.

It is contended on behalf of the appellee, and denied on behalf of the appellant, that the second paragraph of complaint shows a wilful killing and injuring. It is also contended for the appellant that this paragraph was not sufficient as a complaint based upon negligence. The paragraph in question certainly does not show a case of wilfulness. This is so manifest that there is no room for plausible argument.

We do not find it necessary to determine whether or not it stated a good cause of action for negligence. We are of the opinion that the facts found by the court sustained the first paragraph of the complaint, and authorized the conclusion of law stated in favor of the appellee. The judgment should be treated as based upon the first paragraph of the complaint, and if the second paragraph was insufficient, the ruling upon the demurrer must be considered a harmless error.

Among the facts stated in the finding were the following:

The mules, having passed eastward from the premises of the appellee's testator, through the adjoining premises of one

McQuiddy, and being in a lane and on a road running north and south along the east side of said premises of said McQuiddy, entered upon the railroad at a point where said road, passing through said lane, crosses the railroad, which point is known as McQuiddy's crossing. At this place, and for more than a mile east from said point, the railroad runs nearly east and west. Immediately west of said crossing, and for a quarter of a mile along the south side of the railroad, the land was owned by said McQuiddy. Immediately east of said crossing, on both sides of the railroad, for a distance of one-half a mile, the land was owned by one Stocker. Immediately east of Stocker's land the land on both sides of the railroad was owned by one Garriott for a distance of one-half a mile.

The road crossing the railroad at the point where the mules entered upon the railroad starts at the Charleston road, one-half a mile south of the railroad, and runs north on the line between the lands of Stocker and McQuiddy to and across the railroad at the place where the mules entered upon the railroad track, and continues north to the Canton road, and has been open and travelled continuously for forty years by the people of that neighborhood and all others desiring to travel through that way, but has never been worked and kept up by the road supervisor.

There were no cattle-guards or fences, or other obstacles, to prevent the mules from passing from said road to and upon the railroad.

After they entered upon the railroad track, they passed east upon the railroad, grazing along the track, to a point about one-fourth of a mile east of McQuiddy's crossing, when a freight train of the appellant going south over said railroad, and controlled and managed by the employees and servants of the appellant, frightened the mules, and they fled rapidly in front of said train eastward along said railroad track to a cattle-guard across the railroad at the west side of Garriott's farm, and passed over said cattle-guard.

After they had passed east of this cattle-guard, they were in a space enclosed by fences on each side of the railroad and cattle-guards at each end of said fences, which fences and cattle-guards enclosed the railroad for a distance of one-half a mile through Garriott's farm. After the mules had passed over said cattle-guard, they ran rapidly eastward on the railroad track in front of said train a distance of about one-fourth of a mile, when said train overtook and ran against and upon and killed one of the mules. The other mule continued to run on rapidly eastward on said track in front of said train about one-fourth of a mile further to the cattle-guard on the east side of Garriott's farm, when said other mule was struck by said train and was knocked over said cattle-guard, and was thereby injured, etc.

The cattle-guards and fences enclosing the railroad through Garriott's farm were in good repair and sufficient to turn stock. Immediately west of the cattle-guard on the west side of Garriott's farm was a highway passing north and south on the line between the farms of Garriott and Stocker, and crossing said railroad at that point.

We are of the opinion that the road from which the mules entered upon the railroad track at McQuiddy's crossing was a public road, a highway. Our statute, section 5035, R. S. 1881, provides that "all public highways which have been or may hereafter be used as such for twenty years or more shall be deemed public highways."

The use of the road as a highway for twenty years vested an indefeasible right in the public. *City of Fort Wayne* v. *Coombs*, 107 Ind. 75. Where there has been twenty years use by the public, the way is to be deemed a public one. "The law makes the lapse of time sufficient, without any further evidence." *Ross* v. *Thompson*, 78 Ind. 90 (98).

"Under this statute it is the twenty years' use that makes the road a public highway, and it is immaterial whether the use is with the consent, or over the objections of the adjoin-

ing land-owners." *Strong* v. *Makeever*, 102 Ind. 578 (584); Elliott Roads and Streets, 138.

The statute means "that a way or a strip of land used as a public highway for twenty years shall be deemed and become a public highway." *Strong* v. *Makeever, supra.*

"When a way has become a public highway by user, it is such regardless of any question of public utility, and it will remain such until it shall be vacated in a proper proceeding, or by non-user, and that, too, whether entered of record or not." *Washington Ice Co.* v. *Lay*, 103 Ind. 48 (55).

In Elliott Roads and Streets, 7, it is said : " The character of the road does not depend upon its length, nor upon the places to which it leads, nor is its character determined by the number of persons who actually travel upon it. If it is free and common to all the citizens, then, no matter whether it is, or is not, of great length, or whether it leads to or from city, village or hamlet, or whether it is much or little used, it is a public road."

To make the road a highway by user, it must be used by the public, but its character is not determined by the number of those who travel upon it. If it is travelled by the people of the neighborhood, and all others desiring to travel through that way, this is use by the public.

"The public are all who have occasion to use " the road. *Village of Grandville* v. *Jenison*, 84 Mich. 54.

The place at which the mules entered upon the railway track being a public road crossing, it was the duty of the appellant to construct and maintain cattle-guards to prevent such access from the intersecting highway, and its failure to do so was a failure to fence in its railroad securely at a place where it might be fenced in.

In an action under the statute against a railroad company to recover damages for the killing or the injuring of animals, it is well established that the defendant's liability depends upon the question whether the railroad was securely fenced in at the place where the animals killed or injured by

the passing train entered upon the railroad. The question concerning a sufficient fence always relates to the place of entry, not to the place of the killing or injuring, if it be other than the place of entry.

If, having entered at a place where the company, being bound to fence, has not done so, the animal wanders or is driven by an engine along the track to another place thereon, and is there struck and injured by the engine, the company is liable, whether or not the place at which the injury is done be one at which the company is bound to fence, and whether or not that place be in fact fenced, and though in passing to that place from the place of entry the animal may have passed over a place at which the company was not bound to fence, as a public highway. *Toledo, etc., R. W. Co.* v. *Howell*, 38 Ind. 447; *Jeffersonville, etc., R. R. Co.* v. *Lyon*, 72 Ind. 107; *Wabash R. W. Co.* v. *Forshee*, 77 Ind. 158; *Louisville, etc., R. W. Co.* v. *Quade*, 91 Ind. 295; *Indianapolis, etc., R. R. Co.* v. *Sims*, 92 Ind. 496; *Lake Erie, etc., R. W. Co.* v. *Kneadle*, 94 Ind. 454; *Wabash, etc., R. W. Co.* v. *Tretts*, 96 Ind. 450; *Louisville, etc., R. W. Co.* v. *Porter*, 97 Ind. 267; *Louisville, etc., R. W. Co.* v. *Goodbar*, 102 Ind. 596.

The court did not err in stating as a conclusion of law that the appellee was entitled to recover of the appellant.

The appellant contends that the finding was not sustained by the evidence, but under the views expressed above, and the well settled rule that we can not determine the weight of evidence, we are unable to conclude that the court erred in overruling the motion for a new trial.

The judgment is affirmed.

Filed Feb. 5, 1892.