## McFERRAN v. GRUBE ET AL.

[No. 22,569.   Filed November 19, 1914.]

From Superior Court of Marion County (93,092); *Clarence E. Weir*, Judge.

Action by David Grube and others against Ann McFerran. From an interlocutory order appointing a receiver, the defendant appeals. *Reversed.*

*William T. Young* and *Earle E. McFerran,* for appellant.
*Charles B. Clarke* and *Walter C. Clarke,* for appellees.

ERWIN, J.—This is an appeal from an interlocutory order appointing a receiver in a suit for foreclosure of a mechanic's lien

for $800 and $200 attorney's fees, brought by appellees against appellant, and others.

This cause for the appointment of a receiver, was submitted on the showing made by the verified complaint; the affidavit of appellant and certain other affidavits as to the value of the property for which the receiver was appointed. This complaint was sworn to by appellee, Alvin Grube. The affidavit thereto attached, being as follows: "Alvin Grube, being duly sworn upon his oath says that the matters and things set forth in the foregoing complaint are true as he verily believes." The complaint avers insolvency of appellant and that the property is being neglected and the rental for the same is not being applied to plaintiff's claim. The averments of the complaint were denied under oath by appellant, except as to the debt due, and she further states in said affidavit that she is worth in real estate, notes and other personal property in Marion County, Indiana, $20,000, and that she is not insolvent, and that the building was worth more than $3,000.

This appeal presents the question of the sufficiency of the evidence to sustain the action of the court in appointing a receiver. This case is similar in all respects to the case of *Mannos* v. *Bishop-Babcock-Becker Co.* (1914), 181 Ind. 343, 104 N. E. 579. On the authority of that case, the interlocutory order appointing a receiver is reversed.