## STEWART *v.* SWARTZ.

[No. 8,441.   Filed November 20, 1914.]

1. PARENT AND CHILD. — *Torts of Child.* — *Liability of Parent.* — *Knowledge of Fact.*—Where minor children who were under the custody and control of their father, stretched a rope across a public highway with his knowledge and consent to be used as a swing, he was liable to a traveler who rode a bicycle against such rope and was thereby thrown to the ground and injured, but his liability was upon the ground of his own negligence in permitting the children to do an act to the damage of the plaintiff, rather than upon the ground that the relation of parent and child existed.   p. 250.

2. HIGHWAYS. — *Adverse User.* — *Consent of Adjoining Owner.* — Under §7663 Burns 1914, Acts 1905 p. 521, twenty years' continuous use by the general public will make a road a highway, regardless of whether such use is with the consent or over the objection of the adjoining landowner, or whether such owner intended to dedicate it to the public as a highway.   p. 252.

3. HIGHWAYS.—*Existence.*—*Extent of Use.*—*Failure of Officials to Improve.*—A way may be a public highway, although it is not of great length and terminates on private property, and its status as a public highway is affected neither by the fact that it is rarely used, nor by the failure of the highway officials to work or improve it.   p. 252.

4. HIGHWAYS.—*Existence.*—*Evidence.*—In an action for injuries caused by coming in contact with a rope that had been stretched across a way by defendant's minor children, where there was evidence from which the jury could have found either that the way was a public highway, or that it was not, the evidence was sufficient to support a verdict for plaintiff as against defendant's contention that it was merely a private way.   p. 252.

5. APPEAL.—*Review.*—*Instructions.*—*Determination of Damages.*— Where facts are allowed to go in evidence which furnish an incorrect basis for the assessment of damages, an instruction which directs the jury to determine the amount of recovery from all the facts or from all the evidence is erroneous; so that in a personal injury case, where evidence was admitted showing that plaintiff was deaf and dumb, that his mother was a widow living on rented property, that defendant owned a farm, that he had known of the condition which produced the injury for more than two weeks prior thereto, that he had failed to call on plaintiff or his mother after the injury, and that he had not given them any money, such an instruction constituted reversible error in the absence of an affirmative showing that it was harm-

less, although the amount of the verdict was such that, in the absence of such instruction, the court could not have said that it was excessive. p. 253.

6. APPEAL.—*Review.*—*Refusal of Instructions.*—In an action for personal injuries caused by coming in contact with a rope stretched across a way, where the question of whether such way was a public highway was involved, a requested instruction that a place used by the public over which to travel at will, but by the mere license or permission of the owner of the land for his own convenience or the convenience and accommodation of others, is not a public highway, etc., was properly refused, since it was erroneous in failing to include any limitation upon the indiscriminate use of the way by the public. p. 255.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by Clifford Swartz against Seymour R. Stewart. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Adney & Hornaday* and *Ira M. Sharp,* for appellant.
*Kent & Ryan* and *A. J. Shelby,* for appellee.

IBACH, P. J.—This was an action to recover damages for a personal injury which appellee sustained by running into a rope which the minor children of appellant had stretched over what was alleged to be a public highway. Appellee recovered $600. The only error assigned is the overruling of appellant's motion for a new trial.

Appellant first contends that a father is not liable for the torts of his minor child unless at the time of the commission of the tort, the child is the agent or servant of the 1. father and engaged in doing the father's business, and that the evidence does not show any such liability. While a rule similar to that contended for by appellant has been announced in some cases, we are convinced that it does not apply here. The second paragraph of complaint, on which the recovery was based, is upon the theory that two minor children of appellant who were under his care, custody and control, stretched a rope across a public highway at the height of about three and one-half feet from the ground, with the knowledge and consent of appellant, and appellee, rid-

ing a bicycle along said highway, ran against the rope and was thrown to the ground, thus receiving a broken collar bone and being otherwise injured. In such case as that made out by the complaint a parent is liable for the acts of his minor children, rather on the ground of his own negligence in permitting those under his care, custody and control to do an act to the damage of the plaintiff, than on the ground that the relation of parent and child exists. 29 Cyc. 1666; *Thibodeau* v. *Chef* (1911), 24 Ont. L. R. 214; Ann. Cas. 1912 A 582, and note; *Doran* v. *Thomsen* (1908), 76 N. J. L. 754, 71 Atl. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. 677. The evidence showed that the two minor children of appellant were under his care and control, and that he knew the rope was stretched across the path by them and used as a swing for several days before the accident, so that he must be held to have impliedly consented to, or acquiesced in, its being there. Thus the liability of appellant for his children's act is fully shown.

The only conflict in the evidence is as to whether the place across which the rope was stretched was a public highway. The evidence showed what was called a street in the unincorporated town of Whitestown, extending south from an east and west gravel road to an east and west alley just north of appellant's house. There was an open space to the south of the alley, about sixty feet long by twenty-five wide, an apparent continuation of said street, terminating at a railroad right of way, and the rope was stretched between two trees across a portion of this space. There was evidence to show that this space had been used by the public generally as a way for sixty years, that it had formerly been used more than now, but was yet used occasionally by any one who wanted to go through there with a vehicle, and persons sometimes traveled through it and down the railroad right of way. There was other evidence tending to show that the way was originally private, established by the owner of the land to allow access to his sawmill situated across the

railroad track, that the use of it was permissive, that after· the removal of the sawmill it had been abandoned except as to a footpath used mostly by appellant, and a few neighbors, that it was overgrown with grass except for the footpath, with no appearance of wheelmarks, and that a telegraph pole prevented access to the railroad right of way with a vehicle, and that the way was merely private.

However, under our statutes, it is twenty years' continuous use by the general public which makes a road a highway, and it is immaterial whether the use is with the consent or over the objection of the adjoining landowner, or whether such owner intended to dedicate it to the public as a highway. §7663 Burns 1914, Acts 1905 p. 521. *Pitser* v. *McCreery* (1909), 172 Ind. 663, 88 N. E. 303, 89 N. E. 317; *Strong* v. *Makeever* (1885), 102 Ind. 578, 584, 587, 1 N. E. 502, 4 N. E. 11; *Southern Ind. R. Co.* v. *Norman* (1905), 165 Ind. 126, 130, 74 N. E. 896. A way may be a public highway, though it is not of great length, and terminates on private property. *Nichols* v. *State* (1883), 89 Ind. 298. A road is none the less a highway though rarely used, if used by those who desire to go that way. *Louisville, etc., R. Co.* v. *Etzler* (1891), 3 Ind. App. 562, 30 N. E. 32; *Small* v. *Binford* (1908), 41 Ind. App. 440, 83 N. E. 507, 84 N. E. 19. The fact that the highway officials have not worked or improved the road does not change its status. *Cheek* v. *City of Aurora* (1883), 92 Ind. 107, 114; *City of Lawrenceburg* v. *Wesler* (1894), 10 Ind. App. 153, 37 N. E. 956. There was evidence from which the jury could have found that the way across which the rope was stretched was not a highway, there was also evidence from which it, under the above authorities could have found that it was a highway. The evidence was sufficient to sustain a verdict for appellee.

Appellant has objected to the giving and refusing to give certain instructions, but we find no error except in the giving of No. 6, upon the request of appellee, relating to the

measure of damages, and the only instruction on this

5. subject, which is in the following words: "In case you find for the plaintiff, it will then be your duty to assess his damages. The plaintiff, in case you find for him, is entitled to such damages as will fully compensate him for the injury you may find he has received. In determining the amount of damages you may take into consideration the nature and the extent of the injury, if any, and if you find his injuries are permanent, then that fact may be considered by you. You may also take into consideration his pain and suffering, both of body and mind, if any, as the same may be shown by the evidence, his loss of time, if any, his lessened ability to earn money, if the same has been proven, and as shown by the evidence, and from a full and fair consideration of all the facts in evidence before you, in case you find for the plaintiff, award him such damages as will fully compensate him for the injury received, not exceeding the amount demanded in the complaint."

The serious objection to the instruction is that it directs the jury to take into consideration "all the facts in evidence before" it, in awarding damages, whether such facts had any legitimate bearing on the question of damages or not. Such an instruction has been held erroneous and reversible error in the following cases: *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98; *Broadstreet* v. *Hall* (1904), 32 Ind. App. 122, 69 N. E. 415; *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 151, 81 N. E. 492; *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600. The rule deducible from these cases is that where facts are allowed to go in evidence which furnish an incorrect basis for the assessment of damages, an instruction which directs the jury to determine from all the facts, or all the evidence, the amount of recovery, is erroneous. Here it was in evidence that plaintiff was deaf and dumb, that his mother was a widow living on rented property and the implication was sought to be brought out that plaintiff was his mother's only

support. It was also in evidence that appellant owned a farm, that he had allowed the rope to remain in the path two weeks or more, that he had not gone to see appellee or his mother after the accident, and had not given them any money. These were facts in evidence not proper to be considered in estimating damages, and therefore, under the authorities above cited, we must hold the instruction erroneous.

However, appellee urges that the amount of recovery is such that the giving of this instruction could not in any event be reversible error, and cites cases where amounts larger than $600 have been allowed for a broken collar bone. He cites *Pittsburgh, etc., R. Co.* v. *Sudhoff* (1910), 173 Ind. 314, 331, 90 N. E. 467, to support his argument that the error is not reversible. In the present case the evidence showed that appellee earned from $1.50 to $1.75 per day, that he lost two months from work, that his doctor bill was $35, and that there was a possibility that such injuries to a collar bone might affect one suffering them, to some extent, for a considerable period of time, and appellee testified that at the time of the trial, seven months after the accident, he suffered some pain. Were the instruction as to the measure of damages correct, perhaps we could not say that the recovery was excessive under the evidence, but considering all of the evidence which was admitted, we can not say that it affirmatively appears that the giving of the erroneous instruction did not influence the jury. Were it not for the facts which were allowed to go before the jury which would very naturally tend to increase the amount of damages allowed by reason of prejudice or pity, we would hold the instruction harmless, but in view of such evidence, and the holdings of our courts on similar questions, we are forced to conclude that the giving of instruction No. 6 was reversible error.

Appellant also urges that the court erred in refusing to give the following instruction at his request: "A place used by the public over which to travel at will, but is so

used by the mere license or permission of the owner 6. of the land for his own convenience or the convenience and accommodation of others, will not be sufficient to constitute such place a public highway, no matter how long such permissive use of such lands may be continued. So, if you find from a fair preponderance of the evidence in this cause that said way was originally opened by the owner thereof upon lands then owned by him for his own private convenience as a means of access to a certain sawmill then owned by him and that after said sawmill was removed that said way was closed up at the south end thereof and was not thereafter used generally by the public, then I instruct you that such use of said way by and with the consent of the owner thereof would not constitute the same a public highway.'' Appellant cites *Shellhouse* v. *State* (1887), 110 Ind. 509, 11 N. E. 484; and *Baltimore, etc., R. Co.* v. *City of Seymour* (1900), 154 Ind. 17, 55 N. E. 953, in support of this instruction. But when these decisions are considered together with those above cited, we do not think that this instruction in its present form is a correct statement of the law. Under our statute, and the decisions interpreting it, if the public generally has used a road as a way continuously for twenty years it matters not that such use was merely by the license or permission of the owner. If such way is used merely by persons who have business with the owner, or merely by such persons as are permitted by him to use it for his or their accommodation, such user will not establish a highway, but if he permit the public indiscriminately to use the way, twenty years of such use establishes a highway. The instruction above makes no limitation upon the indiscriminate use of the way by the public, but states that if the public is allowed to travel over it at will, but by the permission or license of the owner, such user will not constitute it a public highway. In this respect the instruction is erroneous, and the court did not err in refusing to give it.

For the error in giving the erroneous instruction relative

to the measure of damages, the judgment is reversed, and the cause remanded for new trial.

NOTE.—Reported in 106 N. E. 719. As to the liability of father for acts of child, see 50 Am. Rep. 383. For the parent's liability for the torts of a minor child, see 10 L. R. A. (N. S.) 933; 11 Ann. Cas. 367; Ann. Cas. 1912 A 585. See, also, under (1) 29 Cyc. 1665; (2) 37 Cyc. 25; (3) 37 Cyc. 195, 197; (4) 37 Cyc. 43; (5) 38 Cyc. 1814; (6) 38 Cyc. 1707.